Filed 10/4/13  In re J.B. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.B., a Person Coming Under the Juvenile Court Law. | H039450 (Santa Clara County Super. Ct. No. JV38353) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>        Defendant and Appellant. | |

The minor, J.B., appeals from the March 13, 2013 dispositional order that followed his admissions that he committed vehicle theft (Veh. Code, § 10851, subd. (a)) and burglary (Pen. Code, §§ 459, 460, subd. (a)) and his admissions to five probation violation notices.  The juvenile court ordered the minor committed to the Enhanced Ranch Program (the ranch) for six to eight months.

On appeal, the minor's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified the minor of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from the

minor. Pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, 40 Cal.4th at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Welfare and Institutions Code Section 602[1] Petition*

On June 7, 2011, a section 602 petition was filed alleging that the 15 year-old minor committed vehicle theft (Veh. Code, § 10851, subd. (a)) and burglary (Pen. Code, §§ 459, 460, subd. (a)).

According to the probation officer's report, on June 5, 2011, the minor's mother reported that the minor had stolen her cousin's vehicle two days earlier. When contacted by the police, the minor admitted possessing the stolen vehicle.

The probation officer's report also reflected that the minor had been involved in a burglary on April 12, 2011. A person living in an apartment above the minor's apartment had reported that two necklaces had been stolen. A witness had seen the minor remove a window screen and climb into the apartment. When contacted by the police, the minor admitted entering the apartment and taking the necklaces.

The probation officer's report noted that the minor regularly smoked marijuana and drank alcohol. The minor had previously been issued citations for possession of a knife at school, vandalism, and possession of marijuana and tobacco, but those matters were closed after the minor completed programs through the Restorative Justice Program. The minor was a special education student with an Individualized Education Program (IEP) who had been expelled from school due to poor attendance.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

On July 13, 2011, the minor admitted the allegations of the section 602 petition. The juvenile court set a maximum term of confinement of six years, eight months, but it placed the minor on probation. The minor was ordered to serve 30 days on the Electronic Monitoring Program (EMP), to enroll in and complete a drug and alcohol counseling program, to enroll in and complete the Fresh Lifelines for Youth (FLY) program, to enroll in and complete the Victim Awareness workshop, and to complete 75 hours of public service. He was also ordered not to be outside of the family home between the hours of 9 p.m. and 6 a.m. without competent adult supervision or the permission of the probation officer, not to "knowingly use, possess, or be under the influence of alcohol or any form of controlled or illegal substance without the legal right to do so," and to "submit to drug and substance abuse testing as directed by the Probation Officer."

**B.      First Probation Violation**

A probation violation notice (see § 777) was filed on September 1, 2011. The notice alleged that the minor had failed to report for a scheduled probation appointment, had tested positive for marijuana and cocaine, had failed to enroll in substance abuse counseling and the FLY program, had failed to attend school regularly, and had violated his curfew.

On January 4, 2012, the minor admitted the allegations of the section 777 notice. The juvenile court continued him on probation and ordered him to serve 90 days on the EMP. The court further specified that all previous orders not inconsistent with the new orders remained in full force and effect.

**C.      Second Probation Violation**

A second probation violation notice was filed on March 1, 2012. The notice alleged that the minor had been failed from the EMP after accumulating 200 hours of unauthorized leave. The minor had also tested positive for marijuana and cocaine. On March 21, 2012, the minor admitted the allegations of the second section 777 notice.

3

Prior to the dispositional hearing, the juvenile court referred the minor for a mental health evaluation. A cognitive/psychodiagnostic assessment dated May 3, 2012 indicated that the minor had a low IQ and that he would benefit from a structured setting.

A contested dispositional hearing was held on April 30, 2012. The juvenile court continued the minor on probation and ordered he complete another 60 days on the EMP.

### D. Third Probation Violation

A third probation violation notice was filed on July 27, 2012. The notice alleged the minor had again been failed from the EMP after accumulating 77 more hours of unauthorized leave. The minor had also again tested positive for marijuana and cocaine.

The probation officer filed a report on August 13, 2012 indicating that the minor had been assessed through the Department of Alcohol and Drug Services, and that the minor had "limited insight" into his drug and alcohol use. The minor had also been subject to a Juvenile Assessment and Intervention System assessment, which identified his needs as relating to social inadequacy, school inadequacy, and significant relationships.

On August 13, 2012, the minor admitted the allegations of the third section 777 notice. The juvenile court again continued him on probation but ordered he be committed to Juvenile Hall for seven days and then serve 45 days on the EMP.

On August 31, 2012, the probation officer filed a report for the pre-permanency planning hearing. The report reflected that the minor had been arrested on August 26, 2012 for violating his curfew and resisting arrest, but that no charges had been filed. The probation officer noted that the minor had been "counseled extensively" by the officer, the minor's mother, the minor's Wraparound program counselor, and "the Wrap team," and that the minor needed continued assistance.

### E. Fourth Probation Violation

A fourth probation violation notice was filed on September 24, 2012. The notice alleged that the minor had accumulated 68 more hours of unauthorized leave from the

4

EMP, had new positive tests for marijuana and alcohol, and had failed to report for two probation appointments. The probation officer filed a report on September 25, 2012, indicating that the minor had also been cited for violating Health and Safety Code section 11550 and had poor school attendance.

On September 25, 2012, the minor admitted the allegations of the fourth section 777 notice.

The probation officer's dispositional report recommended that the minor be ordered to complete a 90-day inpatient substance abuse program when space became available. It indicated that the minor had showed up to school under the influence and that gang members had come to the minor's house numerous times during his therapy appointments. The minor's Wraparound counselor believed that the minor's behavior was "totally out of control."

On October 9, 2012, the juvenile court again continued the minor on probation but ordered him to serve 30 days in Juvenile Hall.

### F.     Fifth Probation Violation

A fifth probation violation notice was filed on December 5, 2012. The notice alleged that the minor had failed to report for two more probation office visits, that he had tested positive for marijuana and amphetamines, and that he had failed to attend school, enroll in substance abuse counseling, complete Victim Awareness classes, complete the FLY program, or complete his 75 hours of public service.

The probation officer's report filed on December 18, 2012 reflected that the minor "stated he does not want to do his programs at all" and that he regularly used cocaine, marijuana, and alcohol but did not believe he had a drug problem.

At a hearing on December 18, 2012, the minor admitted the allegations of the fifth section 777 notice.

On January 8, 2013, the minor's attorney requested that the juvenile court appoint a psychiatrist to evaluate the minor, pursuant to Evidence Code section 1017. The

5

juvenile court issued an order that day and a psychological evaluation was filed on January 30, 2013. The evaluation indicated that the primary factor affecting the minor's compliance with the terms of probation was his substance abuse disorder. The evaluator recommended the minor be placed in a residential program with a structured setting.

The probation officer filed a report on January 30, 2013. The minor had changed his mind and now wanted "to attend any and all programs ordered by the Court," including a 90-day residential drug treatment program. The probation officer had considered a commitment to the ranch, but believed the minor "should be given one last opportunity in the community to prove . . . that he can complete an intensive substance abuse program." The probation officer specifically recommended the minor be committed to a 90-day residential drug treatment program through Advent Group Ministries.

In a supplemental report, the probation officer indicated that the minor was not eligible for the residential treatment offered by Advent Group Ministries "because he is identified as a special education student." The probation officer had also "explored a commitment to the Encouraging Diversity and Education (EDGE) program," but found the minor was ineligible for that, as well. The probation officer did not feel that it was appropriate to continue the minor on the EMP. Instead, the probation officer believed that the ranch would "provide the minor with a structured environment and programs to positively re-direct his behavior." The ranch would also provide the minor with "an immediate [consequence] for his behavior" as well as "the individual counseling he desperately needs." Programs available at the ranch included substance abuse counseling, a victim awareness workshop, and a gang intervention program.

A contested dispositional hearing was held on March 13, 2013. Probation Officer Christian Jensen testified at the hearing. He noted that all of the minor's probation violations had included drug and alcohol use. He acknowledged that the minor's intellectual disability was another primary area of need. He asserted that the ranch

6

provided "special day classes" as recommended by the minor's prior IEP, and that the ranch would ensure the minor attended school daily. The ranch would also provide the minor with some substance abuse counseling, although the probation officer was not sure of the number of hours per week that such counseling would be provided.

The minor argued that he could succeed without ranch placement if he received better services through the Wraparound program. He noted that he would turn 18 years old in September of 2013, and he expressed concern that the ranch would not prepare him for living in the community.

The prosecutor argued that the minor needed a structured setting and that the ranch would provide an adequate amount of drug and alcohol counseling.

At the end of the March 13, 2013 dispositional hearing, the juvenile court found that the least restrictive environment had been tried unsuccessfully. It noted that the recent psychological evaluation had recommended a structured setting. It adopted the recommendations in the probation officer's supplemental report, ordering that the minor be committed to the ranch for six to eight months, and that the minor be continued on probation following successful completion of the ranch program.

### G.     *Appeal*

On March 21, 2013, the minor filed a notice of appeal from the March 13, 2013 dispositional order. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

### DISPOSITION

The dispositional order of March 13, 2013, is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.

8